UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Oluwafeyisayo Ayobamidele, Sasha Bennett, and Madeline Sullwold, | |
| Plaintiffs, | Court File No. |
| vs. | **VERIFIED COMPLAINT** |
| Minnesota Interactive, Inc., and Daniel Randolph, | JURY TRIAL DEMANDED |
| Defendants. | |

_____

For their Complaint, Plaintiffs Oluwafeyisayo Ayobamidele, Sasha Bennett, and Madeline Sullwold (collectively, "Plaintiffs") hereby state and allege as follows:

## PARTIES AND JURISDICTION

1. Oluwafeyisayo Ayobamidele is a resident of Minnesota.

2. Sasha Bennett is a resident of Minnesota.

3. Madeline Sullwold is a resident of Minnesota.

4. Defendant Minnesota Interactive, Inc. ("MNI") is a Minnesota corporation with its principal place of business in Edina, Minnesota.

5. MNI is an interactive marketing agency that manages, maintains, and creates web infrastructure, websites, and digital marketing for small and medium sized businesses. At all times relevant herein, MNI was a business engaged in interstate commerce.

6. Defendant Daniel Randolph is a resident of Minnesota. Randolph is the

Chief Executive Officer of MNI, and he had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employee records at MNI.

7. Randolph is an "employer" as defined by 29 U.S.C. § 203(d) and is jointly and severally liable with MNI.

8. This Court has jurisdiction in the above-captioned matter pursuant to 28 U.S.C. § 1331 as this civil action involves federal law claims brought under the Fair Labor Standards Act (FLSA) under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Minnesota state law claims under 28 U.S.C. § 1367(a).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). All defendants reside in Minnesota and a substantial part of the events giving rise to the claims occurred in Minnesota.

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

10. At all relevant times herein, the Plaintiffs were employees of MNI.

11. While employed by MNI, Plaintiffs were regularly forced to work overtime hours without being paid proper overtime compensation for all of the hours they worked.

12. For example, in one 13-day pay period from October 25, 2021 to November 7, 2021, Sasha Bennett worked a total of 92.25 hours, but she only received payment for all of these hours at her normal hourly rate rather than at the federally-required and state-required rate of one-and-one-half times the regular rate.

13. Plaintiffs Oluwafeyisayo Ayobamidele and Madeline Sullwold also worked overtime hours without proper overtime compensation.

14. In addition, Plaintiffs were also not compensated for all of the hours they worked, including time spent in the office and time spent reviewing and responding to emails, but instead were only compensated for hours billed to clients.

15. As but one example, in the 13-day pay period from October 25, 2021 to November 7, 2021, Sasha Bennett was paid for 92.25 hours, but in actuality worked 97.25 hours.

16. Plaintiffs Oluwafeyisayo Ayobamidele and Madeline Sullwold were also not compensated for the hours they actually worked, including time spent reviewing and responding to emails.

17. MNI and Randolph willfully refused to pay Plaintiffs the federally- and state-mandated overtime due Plaintiffs and for all of the hours Plaintiffs actually worked.

18. In fact, MNI has a policy adopted in its Employee Handbook that prohibits employees from billing, and thereby claiming the hours actually worked, for activities such as reviewing and responding to emails.

19. Plaintiffs' employment with MNI ended on November 14, 2021.

20. Despite Plaintiffs no longer having an association with MNI and no longer being employed by MNI after November 14, 2021, MNI continued to use their names and likeness without their permission by featuring their photographs on the homepage of MNI's website for an unknown time, but at least until January 27, 2021.

21. On January 27, 2021, Plaintiffs demanded that MNI remove their photographs from MNI's website. On that day, Plaintiffs also demanded a copy of their personnel records and their time records.

22. Plaintiffs have not yet received a copy of their personnel records and their time records.

## CLAIMS FOR RELIEF

### COUNT I—VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiffs re-allege each of the preceding allegations as if fully stated herein.

24. The FLSA requires that employers pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

25. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional amount as liquidated damages. 29 U.S.C. § 216(b).

26. Defendants are an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1) and are engaged in commerce within the meaning of the FLSA § 203(b),(s)(1).

27. Plaintiffs qualify as non-exempt covered employees during the relevant time period. 29 U.S.C. § 203(e)(1).

28. Defendants knew or should have known that Plaintiffs worked overtime without proper compensation, and willfully failed to pay Plaintiffs wages at the required overtime rates established by 29 U.S.C. § 255.

29. As a direct and proximate result of these unlawful practices, Plaintiffs suffered and continue to suffer wage loss and are entitled to recover unpaid overtime

4

wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

30. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs at the statutory overtime wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

### COUNT II—VIOLATION OF MINN. STAT. § 177.21, *et seq.*

31. Plaintiffs re-allege each of the preceding allegations as if fully stated herein.

32. The Minnesota Fair Labor Standards Act (MFLSA) requires employers to pay their employees no less than one and one-half times their regular hourly rate of pay for all hours worked in excess of 48 during a workweek. Minn. Stat. § 177.25.

33. Plaintiffs qualified as non-exempt covered employees during the relevant time period. MFLSA, Minn. Stat. §§ 177.23 and 177.24.

34. Plaintiffs worked more than 48 hours per week for MNI, but MNI did not properly compensate Plaintiffs with an overtime premium as required by the MFLSA.

35. Defendants knew or should have known that Plaintiffs worked overtime without proper compensation and willfully failed and refused to pay Plaintiffs wages at the required overtime rates. *See* Minn. Stat. § 541.07.

36. Defendants' willful failure to pay Plaintiffs for overtime worked violates the MFLSA.

37. As a direct and proximate result of these unlawful practices, Plaintiffs suffered and continue to suffer wage loss and are entitled to recover unpaid back wages for up to three years prior to the filing of the Complaint, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**COUNT III—WAGE THEFT, VIOLATION OF MINN. STAT. § 181.13**

38. Plaintiffs re-allege each of the preceding allegations as if fully stated herein.

39. Plaintiffs were each employed by Defendant MNI and each were terminated from employment with MNI in or about November 2021.

40. Under Minn. Stat. § 181.13(a), when an employee is terminated by her employer, the employer must pay out, on demand, all earned but unpaid wages within 24 hours of that demand.

41. On multiple occasions, including by letter dated January 27, 2022, each Plaintiff has demanded in writing payment of her unpaid wages.

42. Defendants have failed to pay Plaintiffs for all of Plaintiffs' earned wages within 24 hours after demand was made as required by Minn. Stat. § 181.13.

43. Each Plaintiff has been damaged by Defendants' wrongful withholding of her wages in violation of Minn. Stat. § 181.13(a), and as a result each Plaintiff is entitled to the value of her unpaid wages, plus 15 days' worth of wages as a statutory penalty under Minn. Stat. § 181.13(a), and attorneys' fees and costs pursuant to Minn. Stat. § 181.171 Subd. 3.

6

### COUNT IV—APPROPRIATION

44. Plaintiffs re-allege each of the preceding allegations as if fully stated herein.

45. Plaintiffs have a privacy right in their names and likeness. *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 236 (Minn. 1998).

46. Defendants MNI and Randolph invaded Plaintiffs' privacy by appropriating for their own use and benefit the names and likeness of Plaintiffs.

47. Defendants MNI and Randolph carried out the appropriation by continuing to feature Plaintiffs' faces on the homepage of MNI's website without Plaintiffs' consent or knowledge in an attempt to make it appear that MNI had a larger team than it actually employed because MNI was in the midst of negotiating and closing a transaction in which MNI and its assets was to be acquired.

48. MNI published its website publically, and the website was at all relevant times a publically accessible internet website.

49. As a direct and proximate cause of Defendants MNI and Randolph's appropriation of Plaintiffs' identity, Plaintiffs have been damaged in an amount to be determined at trial, but likely in excess of $50,000.

### COUNT V—VIOLATIONS OF MINN. STAT. §§ 177.30 and 181.961

50. Plaintiffs re-allege each of the preceding allegations as if fully stated herein.

51. After Plaintiffs' employment with MNI was terminated, Plaintiffs requested their time records and personnel records from MNI.

52. Defendant MNI was required to keep a record of Plaintiffs' time records and personnel records, but failed to do so in violation of Minn. Stat. § 177.30.

53. Defendant MNI was required to allow Plaintiffs to review their personnel file, but refused to do so in violation of Minn. Stat. § 181.961.

54. Plaintiffs are entitled to damages and costs pursuant to Minn. Stat. § 181.965 in an amount to be determined at trial, as well as attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Finding that the practices complained of herein are unlawful under the FLSA and MFLSA;

2. An award of unpaid back wages due under FLSA and MFLSA due Plaintiffs;

3. An award of liquidated damages, pre and post judgment interest, Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this action;

4. An award of Plaintiffs' reasonable attorneys' fees pursuant to Minn. Stat. § 181.171;

5. An order directing Defendants to immediately turn over Plaintiffs' personnel records and time records; and

6. For such other and further relief as this Court deems just and equitable.

Dated:  February 24, 2022    **ROCK HUTCHINSON, PLLP**

*/s/  Daniel Brees*
Troy Hutchinson, #320420
Dan Brees, #395284
120 South Sixth Street, #2050
Minneapolis, MN 55402
thutchinson@rockhutchinson.com
dbrees@rockhutchinson.com
Phone:  612-573-3668

*Counsel for Plaintiff Oluwafeyisayo Ayobamidele, Sasha Bennett, and Madeline Sullwold*

## VERIFICATION

STATE OF MINNESOTA )
                               )
COUNTY OF HENNEPIN )


I, Oluwafeyisayo Ayobamidele, being first duly sworn, state that I have been provided with a copy of the foregoing Verified Complaint, that I have reviewed the contentions and allegations set forth therein, that I have personal knowledge of the information contained therein, that the same is true to my knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: February 23, 2022                                          _____
                                                                By: Oluwafeyisayo Ayobamidele

## VERIFICATION

STATE OF MINNESOTA )
                                          )
COUNTY OF HENNEPIN )

I, Sasha Bennett, being first duly sworn, state that I have been provided with a copy of the foregoing Verified Complaint, that I have reviewed the contentions and allegations set forth therein, that I have personal knowledge of the information contained therein, that the same is true to my knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: February 23, 2022                                    _____
                                                                              By: Sasha Bennett

## VERIFICATION

STATE OF MINNESOTA )
                                          )
COUNTY OF DAKOTA   )

I, Madeline Sullwold, being first duly sworn, state that I have been provided with a copy of the foregoing Verified Complaint, that I have reviewed the contentions and allegations set forth therein, that I have personal knowledge of the information contained therein, that the same is true to my knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: February 23, 2022              _____
                                                            By: Madeline Sullwold